J. ALLEN PORTER & BROOKS *v.* ANDERSON & WAINMAN ET AL.
SAME *v.* J. GUTHRIE COKE.

**Lien by Mechanics for Unpaid Balance—Acceptance of Order, no Waiver.**
　　Builders of a house, receiving an order on the owner for their portion of the work done, $1174.00, presented it, which was accepted. For a balance due them of $374.00 they would be entitled to assert their lien, the acceptance of the personal order, not being a waiver of the lien.

**Bills and Notes—Usury.**
　　To purge a note of alleged usury, where sold to a purchaser for a considerable discount, it must be shown that he connived with the vendors to thus be a party to the evasion of the usury laws, or had notice of such transaction.

APPEAL FROM LOUISVILLE CHANCERY COURT.

November 17, 1869.

OPINION OF THE COURT BY JUDGE HARDIN:

So far as the judgment appealed from in these cases relates to and enforces the claims and liens of Barber and Dougan & Smith, as vendors of the lots in controversy, it does not seem to be liable to objection in its principles or details. And it does not seem necessary to say more of the action of the court in setting aside or correcting the first judgment of sale in the suit of Anderson and Wainman vs. Porter, etc., and in rendering judgment in favor of Thompson & Speed, on their claims, than that after considering the objections taken to the action of the court in those particulars, we do not perceive in it any irregularity or error which should require a reversal on this appeal.

Two questions only, need be particularly examined.

1. Did the court err in sustaining the claim of Anderson and Wainman as sub-contractors under O'Neil for building the brick work of the house, which Porter & Brooks had employed O'Neil to build on their lots, Nos. 125 and 126? Under their contract with O'Neil, they completed said work, and on the 28th of March, 1867, O'Neil gave them an order on Porter & Brooks for $1,174, the price of the work, which Porter & Brooks accepted, and a balance remaining unpaid thereon of $374, on the 26th day of June, 1867, they gave notice to Porter & Brooks that they would assert their lien as mechanics, and sub-contractors, and subsequently brought their suit.

The appellants admitted the debt, but denied the existence of the lien, relying on the acceptance of the order as the creation of a personal debt and a waiver of the lien, and alleged a settlement between them and O'Neil, and exhibited his receipt for a balance in full of the price of the building. It was proved by O'Neil, however, that the appellants received credit by their acceptance in favor of Anderson & Wainman, in their said settlement and so far as he knew the parties had not intended to release the lien. We perceive nothing in said transaction inconsistent with the continuance of the lien, and are of opinion that the court properly enforced it.

2. On the 8th of May, 1867, Brooks executed his note with a mortgage on said lot, No. 125, to Porter for $1,632, and Porter endorsed the note with his name and placed it in the hands of R. V. Snodgrass, and authorized him to sell the note, and retain

for his services all he could get for the note over $1,200.   Snodgrass sold the note as his own to J. Guthrie Coke for $1,332, and retaining $132, paid over the residue to Porter.   Porter afterwards purchased said lot, No. 125, from Brooks, and agreed as part of the price, to buy said note of $1,632.   Afterwards, when sued by Clark for a foreclosure of the mortgage both Porter and Brooks  pleaded in substance that the transaction was a mere device to borrow money of Coke at an illegal rate of interest by an evasion of the usury laws, and they seek to purge the debt of the usury it contained, according to these representations.

But whatever may have been the intention of the appellants they have failed to show that Coke was a party to, or had notice of it, if it was such as alleged by them.   On the contrary, it appears that Coke purchased the note from Snodgrass, believing him to be the owner of it, for a valuable consideration, and Porter afterwards undertook to pay it as part of the price of the lot. On these facts we concur with the chancellor that the transaction between Porter and Coke was not usurious.

Wherefore, the judgment is *affirmed.*

*Stratton, for appellants.*

*Pirtle, Caruth, Arbegust, for appellees.*